Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>             Plaintiff,<br><br>     v.<br><br>JEFF S. SMITH,<br><br>             Defendant. | No. 2:17-mc-00095-RSL<br><br>RESPONSE TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S MOTION TO ENFORCE AND COMPEL COMPLIANCE WITH SUBPOENA SERVED ON AMAZON WEB SERVICES, INC.<br><br>NOTE ON MOTION CALENDAR: SEPTEMBER 1, 2017<br><br>(related to No. 17-cv-5808-CS (S.D.N.Y.)) |

RESPONSE TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S MOT. TO ENFORCE AND COMPEL COMPLIANCE (2:17-mc-00095-RSL)
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. BACKGROUND ............................................................................................................. 2

III. ARGUMENT .................................................................................................................. 3

    A. IBM Has No Valid Basis For Seeking Documents Relating to AWS's Competition With IBM ........................................................................................ 3

        1. IBM's Request Would Subject AWS To Undue Burden. ........................ 4

        2. IBM Has Not Met Its Burden Of Establishing Entitlement To AWS's Confidential Information. ............................................................ 5

    B. IBM's Request For Information Concerning Mr. Smith's Role At AWS Is Unduly Burdensome And Duplicative. .......................................................... 7

    C. IBM's Request For Additional Text Messages Between AWS and Mr. Smith Is Unduly Burdensome. ....................................................................... 8

IV. CONCLUSION ............................................................................................................... 9

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - i
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*,
   300 F.R.D. 406 (C.D. Cal. 2014) ........................................................................................... 7

*Chubb Ina Holdings Inc. v. Chang*,
   No. 16-2354, 2016 WL 3470291 (D.N.J. June 24, 2016) ...................................................... 9

*Dart Indus. Co. v. Westwood Chem. Co.*,
   649 F.2d 646 (9th Cir. 1980) ................................................................................................. 4

*Echostar Commc'ns Corp. v. News Corp.*,
   180 F.R.D. 391 (D. Colo. 1998) ............................................................................................ 6

*Enter. Holdings, Inc. v. McKinnon*,
   No. 14-00516, 2014 WL 5421224 (E.D. Mo. Oct. 23, 2014) ............................................... 6

*Federal Trade Commission v. American Tobacco Co.*,
   264 U.S. 298 (1924) ............................................................................................................. 5

*IBM v. Visentin*,
   No. 11-cv-399, 2011 WL 672025 (S.D.N.Y. Feb. 16, 2011) ................................................ 1

*In re eBay Seller Antitrust Litig.*,
   No 9-cv-0735, 2009 WL 10677051 (W.D. Wash. Aug. 17, 2009) .................................... 6, 7

*Jones v. Hirschfeld*,
   219 F.R.D. 71 (S.D.N.Y. 2003) ............................................................................................ 4

*Mattel, Inc. v. Walking Mountain Prods.*,
   353 F.3d 792 (9th Cir. 2003) ................................................................................................. 4

*Microwave Research Corp. v. Sanders Associates. Inc.*,
   110 F.R.D. 669 (D. Mass. 1986) ........................................................................................... 6

*Puritan-Bennett Corp. v. Pruitt*,
   142 F.R.D. 306 (S.D. Iowa 1992) ......................................................................................... 6

*Ray v. Allied Chemical Corporation*,
   34 F.R.D. 456 (S.D.N.Y. 1964) ........................................................................................ 5, 6

*Rocky Mountain Med. Mgmt., LLC v. LHP Hospital Group, Inc.*,
   No. 13-00064, 2013 WL 6446704 (D. Idaho, Dec. 9, 2013) ................................................ 8

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - i
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

**State Cases**

*Int'l Bus. Machines Corp. v. Simonson*,
  988 N.Y.S.2d 523 (Sup. Ct. 2014) ..................................................................................1

**Rules**

Fed. R. Civ. Proc. 26 ..............................................................................................................4

Fed. R. Civ. Proc. 45 ..............................................................................................................7

Fed. R. Civ. Proc. 45(c)(2)(A)................................................................................................2

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - ii
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

## I.     INTRODUCTION

Plaintiff International Business Machines Corporation ("IBM") delayed for three months before filing its lawsuit against Defendant Jeff Smith ("Mr. Smith") – while it knew all along that Mr. Smith was going to be joining Amazon Web Services, Inc. ("AWS") in Seattle. Having created a self-imposed emergency, IBM argued that it needed mountains of discovery to prepare for a Preliminary Injunction hearing that it could have requested months ago. IBM's self-imposed emergency is now over because the Preliminary Injunction hearing concluded on August 25, 2017. IBM has no basis to continue to harass AWS, a non-party, with markedly irrelevant and burdensome discovery. Further, AWS has cooperated voluntarily with IBM's discovery requests, and has done so extensively. By cooperating, however, AWS did not waive its right to object to IBM's burdensome discovery requests or to be heard in a meaningful way.

Before addressing the specific issues presented by IBM's Motion, some background may be helpful. Specifically, IBM has a practice of using the courts to send messages to its employees (and their prospective new employers such as AWS) that if they choose to pursue new employment with an organization that IBM perceives to be a competitor, both the former employee and their new employer will have to pay a heavy litigation price. This is just IBM's latest attempt to enforce that improper strategy. *See IBM v. Visentin*, No. 11-cv-399, 2011 WL 672025, at *22 (S.D.N.Y. Feb. 16, 2011) (denying IBM's attempt to enjoin a former executive from working at Hewlett Packard stating that IBM's non-competition agreements were "retention devices . . . designed *not to protected a legitimate business interest* but, rather, to keep the leadership talent of IBM from leaving.") (emphasis added), *affirmed* 437 F. App'x 53 (2d Cir. 2011); *Int'l Bus. Machines Corp. v. Simonson*, 988 N.Y.S.2d 523 (Sup. Ct. 2014) (holding that IBM's non-compete was unreasonably broad and failed to protect any legitimate interest of IBM, where IBM sought to enjoin its former vice-president from working for a competitor).

Despite this history, AWS made every effort to cooperate with IBM by voluntarily

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 1
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

producing documents responsive to IBM's invalid subpoena.[1]  IBM's subpoena lists 14 broad categories of documents, several of which have nothing to do with Mr. Smith, the Defendant in the underlying action.  Bouchard Decl. ¶ 5 (citing Ex. 2, Subpoena to AWS).  Despite these deficiencies, AWS still conducted a search on a highly-accelerated basis and produced nearly 800 pages of responsive documents relevant to its hiring of someone who had not even started working for it yet.  And this is in addition to the nearly 800 pages (and counting) of documents that Mr. Smith produced in the underlying action.  Moreover, at enormous disruption, AWS produced its Chief Executive Officer ("CEO") for a deposition on just *three business days' notice*.  That deposition occurred on August 9, 2017.  But nothing seemed enough for IBM despite having not sued AWS and literally only providing it with days to respond to an overreaching subpoena.

IBM appears to believe that its mere use of the words "misappropriation" and "unfair competition" give it license to burden AWS with incredibly broad and onerous discovery requests.  But IBM ignores that the discovery rules are much more stringent when dealing with discovery sought from a non-party, especially one who is a non-party competitor from whom confidential documents are sought.  In such instances – as here – courts require the competitor to provide a substantial factual basis for its claims before rummaging through the non-party's confidences – a standard IBM has not met here.[2]

## II.   BACKGROUND

In an attempt to cooperate with IBM, AWS, literally *four* business days after receipt of an invalid subpoena, produced non-privileged, representative documents in the following categories:

---

[1] AWS informed IBM that the subpoena was facially invalid because a subpoena commanding the production of documents may only require production of documents within 100 miles of where a company regularly transacts business in person.  Fed. R. Civ. Proc. 45(c)(2)(A).  AWS is headquartered in Seattle, Washington, but the subpoena demanded compliance in New York, NY.  Declaration of Sarah E. Bouchard ("Bouchard Decl.") ¶ 6 (citing Ex. 3, August 8 letter to IBM).

[2] In its Summary of Procedural Background, IBM conveniently omitted that the Honorable Cathy Seibel in the Southern District of New York allowed Mr. Smith to commence employment with AWS on August 7 in "listen and learn mode."  Bouchard Decl. ¶ 4 (citing Ex. 1, Aug. 2 Order).

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 2
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

    i. Communications with Mr. Smith, documents concerning the hiring, recruitment, employment, actual or potential positions or jobs, and compensation of Mr. Smith;

    ii. Documents concerning Mr. Smith's proposed job responsibilities at AWS, including responsibilities for global marketplace, developer tools, and support and managed services;

    iii. Documents concerning any and all positions, jobs and/or responsibilities AWS or Andrew Jassy ("Mr. Jassy") has considered for Mr. Smith in connection with the potential or actual recruitment, hiring and/or employment of Mr. Smith, including descriptions of such positions, jobs and/or responsibilities;

    iv. Documents concerning Mr. Smith's proposed responsibilities as Vice President of AWS;

    v. Documents sufficient to show the organizational structure of Mr. Smith's direct reports and to whom he is reporting to;

    vi. Documents concerning compensation of Mr. Smith;

    vii. Documents concerning communications between Mr. Smith and Mr. Jassy; and

    viii. Documents concerning any obligations of AWS to reimburse or indemnify Mr. Smith for loss of IBM compensation or benefits, or for the amount of any judgment, settlement, or payment in the action.

Bouchard Decl. ¶ 7.

AWS was cooperative in the face of IBM's burdensome discovery designed to punish both Mr. Smith for leaving IBM and AWS for providing him with an exciting place to advance his career. Despite its cooperation, AWS now finds itself having to defend its hiring decision on both coasts in a case to which it is not a party. We address each of IBM's arguments below.

### III.   ARGUMENT

#### A.   IBM Has No Valid Basis For Seeking Documents Relating to AWS's Competition With IBM.

IBM's request for "[a]ll documents concerning competition with IBM" is unduly burdensome and patently objectionable. It is unduly burdensome because it would require AWS, a non-party, to conduct extensive searches for information that IBM either already has or does not need for this litigation (but may want for its own business purposes). Mr. Jassy testified that AWS considers IBM to be a competitor in certain areas, including cloud-based offerings. Bouchard Decl. ¶ 8 (citing Ex. 4, Mr. Jassy Dep. at 109:4-110:2, 152:9-22).

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 3
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

However, it is clear from the discovery requested that IBM wants a glimpse into AWS's strategy and information – not the other way around.

### 1.     IBM's Request Would Subject AWS To Undue Burden.

As an initial matter, IBM ignores that AWS is not a party to the underlying action. Federal Rules of Civil Procedure 26 and 45 provide protection to all non-party witnesses in responding to subpoenas that subject them to an "undue burden." *Jones v. Hirschfeld*, 219 F.R.D. 71, 76 (S.D.N.Y. 2003).  Courts recognize that discovery must be limited to protect non-parties from harassment or inconvenience.  *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (citations omitted); *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003) (affirming decision quashing subpoena that was "served for the purpose of annoying and harassment").

Here, AWS would be subject to undue burden if forced to comply with IBM's broad request since, as written, it is so vague and ambiguous that it would require AWS to search all custodians at the Company for any document or email that even mentions IBM.  Bouchard Decl. ¶ 9.  IBM's request for AWS's files identifying AWS's competitors, such as IBM, are not typically stand-alone documents containing simple lists of competitors.  Rather, the type of information sought will require an extensive harvesting of documents from all custodians within the Company.  It is effectively impossible for AWS to conduct that search.  AWS would have to image every employee's laptop (because much could be saved locally), which itself is impossible, and then do a search for "IBM" of those 15,000+ laptop images (the data size of which would be enormous).  Then, reviewers would have to carefully cull through the vast quantity of documents to ensure maintenance of confidentiality regarding proprietary information and trade secrets (and privilege).  *Id.*

Further, there is no need for AWS to undertake this incredibly burdensome search because IBM already has received information on this topic and because the Preliminary Injunction hearing is over.  As noted, IBM deposed AWS's CEO, Mr. Jassy.  Mr. Jassy testified that AWS considers IBM to be a competitor in certain areas, including cloud-based offerings.

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 4
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

Bouchard Decl. ¶ 8 (citing Ex. 4, Mr. Jassy Dep. at 109:4-110:2, 152:9-22).  And much of the information concerning competition between IBM and AWS is publicly available.  Bouchard Decl. ¶ 10 (citing Ex. 5, Bernard Golden Decl. ¶¶ 22-40).  IBM has no legitimate justification – other than to harass – to force AWS to search any or all custodians in the Company to prove a point not truly in dispute.  The need for protection from this harassing discovery is even greater here where the record already reflects that IBM's own CEO directed this litigation to be commenced to punish Mr. Smith, and this attempt to get competitive information from AWS is yet another pressure tactic.  Bouchard Decl. ¶ 11 (citing Ex. 6, Mr. Smith Decl. ¶ 66).[3]

### 2. IBM Has Not Met Its Burden Of Establishing Entitlement To AWS's Confidential Information.

IBM seems to suggest that it is entitled to do a deep dive into AWS's confidential information merely because it has filed a lawsuit against an employee of AWS.  In trade secret misappropriation/unfair competition cases such as this, however, the law requires far more, especially where the competitor is not even a party to the litigation.  Simply because IBM has filed a lawsuit against a current AWS employee does not mean that AWS must grant IBM unfettered access to AWS's confidential and trade secret information.  *See, e.g., Federal Trade Commission v. American Tobacco Co.*, 264 U.S. 298, 306 (1924) ("It is contrary to the first principles of justice to allow a search through all the respondents' records, relevant or irrelevant, in the hope that something will turn up.").  As the court stated in *Ray v. Allied Chemical Corporation*, 34 F.R.D. 456 (S.D.N.Y. 1964):

> And the circumstance that a litigant in his complaint alleges that he disclosed confidential and secret processes to a defendant, which the latter in turn denies, does not automatically entitle the plaintiff to obtain disclosure of the alleged offending processes in aid of plaintiff's pretrial discovery -- otherwise it would be a simple matter to obtain one's trade secret by the mere assertion of a claim. The end result of disclosure, where ultimately it develops

---

[3] The cases IBM cites regarding burden do not deal with non-parties nor do they deal with a situation where the party seeking discovery has moved for a preliminary injunction on an expedited basis. Mot. Compel at 8-9, n. 28, 32 (citing *United States v. Int'l Bus. Machines Corp.*, 71 F.R.D. 88, 90 (S.D.N.Y. 1976); *N. L. R. B. ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO v. Consol. Vacuum Corp.*, 395 F.2d 416, 418 (2d Cir. 1968); *Horizons Titanium Corp. v. Norton Co.*, 290 F.2d 421, 425 (1st Cir. 1961)).

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 5
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

> that the asserted claim is without substance, may be so destructive of the interests of the prevailing party that more is required than mere allegation to warrant pretrial disclosure.

*Id.* at 457.  *See also Microwave Research Corp. v. Sanders Associates. Inc.*, 110 F.R.D. 669 (D. Mass. 1986) ("before a plaintiff is entitled to the type of broad discovery into a defendant's trade secrets, it must show that other evidence which it has gathered through discovery provides a substantial factual basis for its claim"); *Puritan-Bennett Corp. v. Pruitt*, 142 F.R.D. 306, 308 (S.D. Iowa 1992) (explaining "it is first incumbent upon [Plaintiff] to make a showing that there is a substantial basis for its claim" before plaintiff is entitled to discovery of competitor's trade secrets).

And IBM faces a particularly heavy burden in seeking the discovery of AWS's confidential information since AWS is not even a party to the underlying action.  *See Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394-95 (D. Colo. 1998) (party seeking confidential information from a non-party failed to demonstrate substantial need for the information); *Enter. Holdings, Inc. v. McKinnon*, No. 14-00516, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014) (granting motion to quash subpoena served on non-party where the information sought was "sensitive proprietary business information").  It should not be permitted to gloss over that obligation in the name of a self-imposed emergency which is now over.

In *In re eBay Seller Antitrust Litig.*, the court denied the plaintiff access to information concerning plaintiff's competitive relationship with Amazon, a non-party, stating "even though the competitively sensitive documents Plaintiffs seek might have some relevance, Plaintiffs must do a substantially better job articulating their need for them."  No. C09-0735RAJ, 2009 WL 10677051, at *5 (W.D. Wash. Aug. 17, 2009).  The court continued:

> To the extent that Amazon views eBay as a competitor, its assessment of the competition between them is confidential. It is troubling enough to force Amazon to disclose documents analyzing its competitor to a third party, but much more so to force Amazon to disclose those documents in a litigation in which the competitor is a party.

RESPONSE TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S MOT. TO ENFORCE AND COMPEL COMPLIANCE (2:17-mc-00095-RSL) - 6
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

*Id.* at *6. Similarly, here, information concerning AWS's competitive relationship with IBM is confidential and IBM has not justified its request for this information. AWS's concerns for protecting its confidential information are even more justified because it has been reported that IBM's current business strategy is to emulate AWS's product and service offerings. Bouchard Decl. ¶ 12 (citing Ex. 5, Bernard Golden Decl. ¶ 25). *See also Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 412 (C.D. Cal. 2014) (granting motion to quash subpoena served on non-party where it appeared that the motive in serving the subpoena was to obtain "some sort of strategic advantage.")

Nor does the Protective Order in the underlying litigation give IBM license to harass AWS with overly burdensome discovery. *See In re eBay Seller Antitrust Litig.*, 2009 WL 10677051, at *4, 6 ("Rule 45 does not require the court to permit the disclosure of competitively sensitive information even under such a protective order. . . . Even if the court were to impose a strict protective order, Amazon's competitively sensitive information would be at risk of exposure.") (citing *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("A protective order is no substitute for establishing relevance or need.")).

As numerous courts have recognized, a non-party does not lose the right to protect its confidential information merely because a competitor speculates that an employee might use confidential information in a new job for a new employer.[4] With good reason, far more than what IBM has submitted is required.

### B. IBM's Request For Information Concerning Mr. Smith's Role At AWS Is Unduly Burdensome And Duplicative.

IBM also demands in its motion "[d]ocuments sufficient to show the names of, and general subject matter discussed by, any and all committees, teams, and/or groups of AWS executives and/or employees Mr. Smith is expected to participate in, including any and all regular or specific meetings with Andrew Jassy." AWS already produced information on this topic through Mr. Jassy's testimony. Mr. Jassy testified that AWS does not have these types of

---

[4] IBM has presented no evidence that Mr. Smith misappropriated any confidential or trade secret information from IBM.

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 7
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

teams and, thus, Mr. Smith is not slated to be on any such teams. Bouchard Decl. ¶ 13 (citing Ex. 4, Mr. Jassy Dep. at 29:15-30:3). Accordingly, AWS is not in possession, custody, or control of information concerning teams Mr. Smith will participate in.

Additionally, while IBM's claims that it has not been able to gather evidence regarding Mr. Smith's role at AWS, this claim is unfounded. Mot. Compel at 6. Both Mr. Smith and Mr. Jassy have offered testimony – both in depositions and, Mr. Smith, at the Preliminary Injunction hearing – as well as documents, concerning the scope of Mr. Smith's role at AWS and IBM has a detailed memorandum from Mr. Jassy to Mr. Smith that lays out the full scope of his responsibilities, including the identity of all of his direct reports and what organizations each of them lead. Bouchard Decl. ¶ 14 (citing Ex. 6, Mr. Smith Decl. ¶¶ 70-75, 79; Ex. 4, Mr. Jassy Dep. at 78:1-81:12, 84:5-18, 85:7-20). This Court should deny IBM's efforts to seek duplicative and burdensome discovery from AWS.

### C. IBM's Request For Additional Text Messages Between AWS and Mr. Smith Is Unduly Burdensome.

AWS already produced communications between AWS and Mr. Smith. AWS produced extensive emails between Mr. Jassy and Mr. Smith. Those emails provide great detail about what they were communicating about and date back to 2014. Bouchard Decl. ¶ 15. In addition, Mr. Smith has produced extensive text messages that he had in his possession with Mr. Jassy. Mot. Compel at 6-7; *Rocky Mountain Med. Mgmt., LLC v. LHP Hospital Group, Inc.*, No. 13-00064, 2013 WL 6446704, at *4 (D. Idaho, Dec. 9, 2013) ("court may prohibit a party from obtaining discovery from a non-party if that same information is available from another party to the litigation."). IBM has not suggested what more it needs or whether it has any reason to believe that there is anything else that would substantiate its claims.[5]

In short, this request is unduly burdensome, particularly given that IBM already sought duplicative discovery from Mr. Smith and that IBM has not provided even remotely sufficient

---

[5] That Mr. Smith did not produce text messages with Mr. Jassy from after July 31, 2017 is neither remarkable nor nefarious. After Mr. Smith accepted the position with AWS and was expected to start on August 7, he spent most of the time between jobs on vacation with his family. Bouchard Decl. ¶ 16.

RESPONSE TO INTERNATIONAL BUSINESS MACHINE
CORPORATION'S MOT. TO ENFORCE AND COMPEL
COMPLIANCE (2:17-mc-00095-RSL) - 8
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
206.622.3150 main · 206.757.7700 fax

justification to compel the CEO of AWS to turn over his cellphone.  *See Chubb Ina Holdings Inc. v. Chang*, No. 16-2354, 2016 WL 3470291, at *5 (D.N.J. June 24, 2016) (denying request for expedited discovery from third parties, including request for text messages, finding the request unduly burdensome).  Accordingly, this Court should deny IBM's request.

## IV.   CONCLUSION

IBM is engaged in precisely the type of strategic abuse of discovery that courts routinely reject as improper.  This abuse is even more concerning here where IBM is seeking burdensome discovery from a non-party with which it competes.  For these reasons, this Court should deny IBM's Motion to Enforce and Compel Compliance with Subpoena Served on AWS and should quash the subpoena.

DATED this 28th day of August, 2017.

Davis Wright Tremaine LLP
*Attorney for Third Party Amazon Web Services, Inc.*

By *s/ Zana Bugaighis*
Brad Fisher, WSBA #19895
Zana Bugaighis, WSBA #43614__
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: 206.622.3150
Fax: 206.757.7700
E-mail: bradfisher@dwt.com
E-mail: zanabugaighis@dwt.com

RESPONSE TO INTERNATIONAL BUSINESS MACHINE CORPORATION'S MOT. TO ENFORCE AND COMPEL COMPLIANCE (2:17-mc-00095-RSL) - 9
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax

# CERTIFICATE OF E-FILING & SERVICE

I, Zana Bugaighis, hereby certify that a true and correct copy of the foregoing Response to International Business Machines Corporation's Motion to Enforce and Compel Compliance with Subpoena Served on Amazon Web Services, Inc. was electronically filed with the Clerk of the Court using the CM/ECF system.  I also caused the foregoing to be delivered via email and U.S. Mail, on the following:

> Peter H Nohle
> Jackson Lewis P.C. (Sea)
> 520 Pike Street
> Suite 2300
> Seattle, WA 98101-4099
> 206-626-6436
> Email: nohlep@jacksonlewis.com
>
> Robert A. Atkins
> Steven C. Herzog
> Pietro J. Signoracci
> 1285 Avenue of the Americas
> New York, New York  10019-6064
>
> *Attorneys for Plaintiff*

DATED: August 28, 2017               *s/ Zana Bugaighis*
                                     Zana Bugaighis

CERTIFICATE OF SERVICE – 1
(2:17-mc-00095-RSL)
4837-7452-6286v.1 0050033-000146

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
206.622.3150 main · 206.757.7700 fax